UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JOHNNIE WIDNER,

    Plaintiff,

v.

BERT SLONE, ET AL.,

    Defendants.

Civil Action No. 7:21-058-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Johnnie Widner is incarcerated at the Letcher County Jail in Whitesburg, Kentucky. Proceeding without an attorney, Widner filed a civil rights complaint with this Court. [R. 1]. While Widner's pleading is somewhat difficult to follow, he alleges that he was told he "might have a [tumor]" and "needed a cat scan" but was informed by "the doctor" and "the jailer" that he would not be receiving that "treatment." [*Id.* at 3]. Widner suggests that he did not exhaust his administrative remedies because he "could not get the CPP," "could not get any [forms]," and does not "[know] what to do." [*Id.* at 5-6]. Widner lists Jailer Bert Slone and medical provider Alicia Cook as defendants and indicates that he is seeking money damages and injunctive relief, explaining that he is trying to "get the treatment I need." [*Id.* at 8]. Ultimately, the Court conducted an initial screening of Widner's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and allowed him to go forward on his claims. [R. 7].

The defendants then answered Widner's complaint. [Rs. 13, 16]. The defendants also filed very brief dispositive motions, arguing that the Court should dismiss or stay Widner's case because he failed to fully exhaust his administrative remedies. [*See* Rs. 14, 15]. Defendant Slone also

argues that he is entitled to qualified immunity. [*See* R. 15 at 1-2]. Widner then filed a response in opposition to the defendants' motions [*see* R. 18], the defendants filed reply briefs [*see* Rs. 19, 21], and Widner filed a sur-reply [*see* R. 22]. Thus, the defendants' motions are ripe for a decision.

Having fully reviewed the parties' submissions, the Court will deny the defendants' dispositive motions without prejudice at this early stage in the litigation. To be sure, the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). That said, failure to exhaust is an affirmative defense a defendant must plead and prove by a preponderance of the evidence, *see Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015), and, here, there are outstanding questions as to what is required for full exhaustion at the Letcher County Jail and whether Widner was somehow prevented from exhausting his claims. Notably, Widner alleges in his complaint that he "could not get the CPP" and "could not get any [forms]." [R. 1 at 5-6]. Widner also represents in his sur-reply that he wrote letters to the Jailer and tried to speak with him on multiple occasions, albeit to no avail. [*See* R. 22 at 1]. At a minimum, these statements raise questions as to whether an administrative exhaustion process was functionally available to Widner. Thus, it would be premature to resolve that issue at this early stage of the litigation, though the defendants may renew their exhaustion arguments at the appropriate time.

Finally, while Defendant Slone has invoked qualified immunity, his argument is premature. Indeed, the Court has scrutinized Widner's complaint to determine whether he alleged a violation of a clearly established constitutional right. However, given the very limited record currently before the Court, at least some discovery (and fact-finding) is required to determine the matter.

Accordingly, it is **ORDERED** as follows:

1. The defendants' dispositive motions at Rs. 14 and 15 are premature and, thus, **DENIED** without prejudice. That said, the defendants may certainly renew their motions and arguments at a subsequent stage of the litigation.

2. Pursuant to 28 U.S.C. § 636(b), this matter is referred to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court shall assign this matter to a United States Magistrate Judge.

Dated September 14, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY